UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00228-FDW
(3:95-cr-00007-FDW-1)

| | |
|---|---|
| PAUL PEDRO GLANTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to correct or amend his criminal judgment under Rule 36 of the Federal Rules of Criminal Procedure. For the reasons that follow, the Court finds that the motion will be treated as a petition for habeas corpus filed under 28 U.S.C. § 2241. (3:14-cv-228, Doc. No. 1).

On June 11, 1997, Petitioner was sentenced in this district to a term of 262-months' imprisonment following his conviction on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. (Doc. No. 16: Judgment). In the written judgment, the Court specifically ordered that the federal term of imprisonment would run concurrently to sentences which had been imposed in State court in Case Numbers 93-10580; 93-7754; and 93-9242.[1] (3:95-cr-7, Doc. No. 36: Presentence Report). Petitioner did not appeal from this judgment.

---

[1] In Case No. 93-10580, Petitioner was sentenced in the Circuit Court of Dade County, Florida, to a term of 5-years in prison following his conviction for accessory after the fact to robbery with a firearm. In Case No. 93-7754, Petitioner was convicted in Dade County of armed burglary, attempted first degree murder and resisting arrest without violence. He was sentenced to a term of 20-years as a habitual violent offender with a 10-year mandatory term of active imprisonment. Finally, in Case No. 93-9242, Petitioner was sentenced in Dade County to a term of 20-years in prison for robbery with a dangerous weapon. All three sentences were ordered to run concurrently by the State court.

1

In his motion to amend or correct his criminal judgment, Petitioner contends that he is entitled to relief under Rule 36 of the Federal Rules of Criminal Procedure which provides that a court may "correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. In particular, Petitioner complains that the Federal Bureau of Prisons granted him jail credit from January 4, 1995, through May 15, 1997, however the Bureau of Prisons allegedly disallowed the credit after Petitioner was resentenced in State court in 2003. (Doc. No. 1 at 2).

First, the Court finds that the federal judgment in this case was plainly ordered to run concurrently with the State sentences that were imposed before his federal sentence was imposed. Second, the Court finds that Petitioner is not entitled to relief under Rule 36 because there is simply no clerical error to correct. Finally, the Court finds that because Petitioner is seeking to challenge an alleged action taken by the Federal Bureau of Prisons — which he contends deprived him of certain jail credit — he must first exhaust his administrative remedies within the Bureau of Prisons before seeking relief in federal court.[2] See United States v. Wilson, 503 U.S. 329, 334-35 (1992) (providing that the Attorney General, through the Federal Bureau of Prisons, has the initial responsibility for determining what credit a prisoner may be entitled to under 18 U.S.C. § 3585(b)). There is no indication in the record that Petitioner has participated in the administrative remedy program within the Bureau of Prisons thus it appears that he has failed to exhaust his administrative remedies prior to filing this federal action. See McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.") (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981). "Failure to exhaust may only be excused upon a showing of cause and

---

[2] See 28 C.F.R. §§ 542.13-15 (discussing Bureau of Prisons four-step administrative remedy procedure).

prejudice." McClung, supra (citing Carmona, 243 F.3d at 634-45).

Contrary to Petitioner's assertion, the issue of whether he should have jail credit restored is not "ripe for clarification by this Court" absent a showing that he has first pursued and fully exhausted this issue within the Bureau of Prisons administrative remedy program. (Doc. No. 1 at 3). Based on the foregoing, the Court finds that the § 2241 petition should be dismissed without prejudice to Petitioner's ability to present a claim for relief in federal court after he has exhausted his administrative remedies within the Bureau of Prisons.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2241 petition will be **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 7, 2014

Frank D. Whitney
Chief United States District Judge